UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-22766-WILLIAMS/Torres

DIANA FLOREZ,

    Plaintiff,

v.

WORKFORCE SOLUTION STAFFING, LLC
et al.,

    Defendants.
_____/

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants, FERNANDO DE LA CRUZ and MARTHA DE LA CRUZ, by and through their undersigned counsel, pursuant to Rule 56, Fed. R. Civ. P., and Local Rule 56.1(a), hereby file their Motion for Partial Summary Judgment and Memorandum of Law in Support, and state as follows:

**SUMMARY AND PROCEDURAL BACKGROUND**

Plaintiff filed her Complaint on 6/03/20 in state court [D.E. 9.-2] and Defendants removed it to this Court on 7/06/20 [D.E. #1]. Plaintiff's Complaint consisted of a total of nine counts, including six counts for alleged violations of the minimum wage and overtime provision of the Fair Labor Standards Act ("FLSA") (Counts I-VI), as well three counts for retaliatory termination against each of the

1

Defendants (Counts VII-IX) [D.E. #9-2].[1] After the close of discovery the Parties stipulated to the dismissal with prejudice of all counts against Workforce Solution Staffing, LLC ("Workforce) [D.E. #28]. As a result of Workforce's dismissal, only Martha De La Cruz and Fernando De La Cruz remain as Defendants in this case. The De La Cruzes now move for partial summary judgment on the remaining retaliation counts (Counts VIII-IX), for three main reasons:

**First**, Plaintiff did not engage in protected activity. Plaintiff readily admits that she never complained about minimum wage or overtime violations to either Defendant, only about a raise and change in schedule. (Def. Stat. of Facts ¶22). Rather, Plaintiff requested a change in her schedule and Martha De La Cruz agreed. (Def. Stat. of Facts ¶9-10). **Second**, even if somehow Plaintiff's request for a change to her schedule constituted protected activity, such activity was not the cause of Plaintiff's separation from employment. (Def. Stat. of Facts ¶24). Plaintiff herself admitted as much in her deposition and further testified that she does not know why she was fired. (Def. Stat. of Facts ¶25). **Third**, even if Plaintiff could prove a prima facie case of retaliation -which she cannot-, Plaintiff is not entitled to recover any economic damages resulting from her separation from employment because she is an

---

[1] Plaintiff's Complaint asserted the following causes of action: *Count I*: FLSA/Overtime violations against Workforce [D.E. #9-2, pp.5-7]; *Count II*: Violation of. FLSA/Minimum wage against Workforce [*Id.,* pp. 7-8]; *Count III*: FLSA/Overtime against Martha De La Cruz [*Id.*, p. 9]; *Count IV*: FLSA/Minimum Wage against Martha De La Cruz [*Id.*, pp. 9-10]; *Count V*: FLSA/Overtime against Fernando De La Cruz [*Id.*, p. 11]; *Count VI*: FLSA/Minimum Wage against Fernando De La Cruz [*Id.*, pp. 11-12]; *Count VII*: FLSA Retaliation against Workforce [*Id.*, pp. 13-14]; *Count VIII*: FLSA Retaliation against Martha De La Cruz [*Id.*, pp. 14-15]; and *Count IX*: FLSA Retaliation against Fernando De La Cruz [*Id.*, pp. 15-16].

2

undocumented alien not authorized to work in the United States. (Def. Stat. of Facts ¶4). As such, Plaintiff is not entitled to any backpay.

## UNDISPUTED FACTS

Plaintiff was hired by Martha De La Cruz as her daughter's live-in nanny on or about August 2018. (Def. Stat. of Facts ¶2). When Plaintiff was initially hired, Plaintiff and Martha De La Cruz agreed that Plaintiff would be paid $450.00 per week. (Def. Stat. of Facts ¶5). Plaintiff is not authorized to work in the United States of America. (Def. Stat. of Facts ¶4). After working for approximately one year, Plaintiff demanded and obtained a pay raise from $450.00 per week to $500.00 per week. (Def. Stat. of Facts ¶6). Sometime in November 2019, Plaintiff began to spend some nights at home with her new husband instead of sleeping at Defendants' home, even though her belongings remained at Defendants' home. (Def. Stat. of Facts ¶7). Defendants had no objection to Plaintiff's decision to spend some nights with her new husband. (Def. Stat. of Facts ¶8). Indeed, Martha De La Cruz continued to pay Plaintiff $500.00 even after Plaintiff had to take time off to care for her husband who was recovering from a gunshot wound. (Def. Stat. of Facts ¶8). Plaintiff testified that in late February 2020, she asked Martha De La Cruz to reduce her hours of work and not to live-in with Defendants anymore. (Def. Stat. of Facts ¶9). According to Plaintiff, Martha De La Cruz agreed to the change of schedule, but the change was never implemented because Plaintiff's work ended when Miami-Dade County implemented a quarantine as a result of the COVID-19 pandemic. (Def. Stat. of Facts ¶10). Plaintiff's last day of work was mid-March 2020. (Def. Stat. of Facts ¶3). Plaintiff's

3

admits that at all times her relationship with Defendants was always professional and caring. (Def. Stat. of Facts ¶21). Plaintiff acknowledges that her employment was suspended because of the quarantine (Def. Stat. of Facts ¶20) and admits that prior to her separation from employment, Plaintiff did not complain to Defendants about overtime or improper pay, only about a raise and change in schedule. (Def. Stat. of Facts ¶22). Plaintiff also admits that her request for a change to her schedule had nothing to do with her separation from employment. (Def. Stat. of Facts ¶24). In fact, Plaintiff acknowledges that she was not retaliated against by Defendants (Def. Stat. of Facts ¶23) and that she does not know why her employment was terminated. (Def. Stat. of Facts ¶25).

Before the pandemic Plaintiff and her new husband moved into a new apartment. (Def. Stat. of Facts ¶11). Plaintiff and her husband were facing an eviction lawsuit because the apartment building they rented from alleged that they moved in without the Board's approval. (Def. Stat. of Facts ¶12). Plaintiff asked Martha De La Cruz if she could park her vehicle at Defendants' apartment building because Plaintiff was afraid that it would be towed at her new residence. (Def. Stat. of Facts ¶13). Because of the eviction threat, Plaintiff was afraid that if she left her new residence she would not be able to go back in. (Def. Stat. of Facts ¶14). At the end of the first two weeks of quarantine, Plaintiff contacted Martha De La Cruz asking to be paid for the two week of quarantine, even though Plaintiff did not work at all during that time. (Def. Stat. of Facts ¶15). Martha De La Cruz replied that she could not pay Plaintiff because she had lost her job and Plaintiff had not worked. (Def. Stat.

4

of Facts ¶16). Plaintiff's last communication with Martha De La Cruz was that she did not expect not to be paid during the pandemic and she did not know what to do for money. (Def. Stat. of Facts ¶17). Martha De La Cruz lost her job as a result of the pandemic and could not pay Plaintiff. (Def. Stat. of Facts ¶18). Additionally, Defendants relocated to Washington D.C. in May or June 2020 (Def. Stat. of Facts ¶18). If Plaintiff's employment had not ended, she would have been unable to move to Washington, D.C. (Def. Stat. of Facts ¶19).

## LEGAL ARGUMENT

**1. APPLICABLE STANDARD**

Summary judgment is proper if when the pleadings and supporting materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1896). The moving party bears the initial burden under Rule 56(c) of demonstrating the absence of a genuine issue of material fact. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party satisfies this burden, it shifts to the party opposing the motion to go beyond the pleadings and designate "specific facts showing that there is genuine issue for trial." *Celotex v. Catrett*, 477 U.S. 317, 324 (1986). A factual dispute is genuine only if the evidence is such that a reasonable fact finder could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248; *see also Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001). Thus, the party opposing summary judgment may not rest upon the mere allegations or denials of the pleadings, but must present

sufficient evidence favoring the non-moving party for a jury to return a verdict in favor of that party. *Id.* at 249.

## 2. PLAINTIFF CANNOT MAKE A PRIMA FACIE CASE FOR RETALIATION

To establish a prima facie case of retaliation under the FLSA, Plaintiff must demonstrate that "(1) she engaged in activity protected under [the] act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000) (*citing Richmond v. ONEOK, Inc.*, 120 F.3d 205, 208-09 (10th Cir.1997)). The employer must then articulate a legitimate nonretaliatory reason for the adverse employment action. *Raspanti v. Four Amigos Travel, Inc.*, 266 Fed. Appx. 820, 822 (11th Cir. 2008). "If the employer asserts a legitimate reason for the adverse action, the plaintiff may attempt to show pretext." *Id.* at 1343.

### a. Plaintiff Did Not Engage In Protected Activity

Plaintiff admits that prior to her separation from employment, she never complained about overtime or improper pay, only about a raise and a change in schedule. (Def. Stat. of Facts ¶22). This admission alone is fatal to Plaintiff's retaliation claims because she cannot prove one of its essential elements, namely, that she engaged in protected activity. This is sufficient to warrant summary judgment.

Defendants anticipate that Plaintiff will argue that either her demand for a raise or her request for a change to her schedule constituted protected activity. They

did not. First, concerning Plaintiff's demand for a raise, Plaintiff testified that sometime in September 2019, she demanded and obtained a pay raise from $450.00 to $500.00 per week. (Def. Stat. of Facts ¶6). After Plaintiff's demand, she continued working in the same position, with the same duties, and with better pay, which would not constitute retaliation at all. To the contrary, beginning sometime in November 2019, Plaintiff began to spend some nights at home with her new husband instead of sleeping at Defendants' home, even though her belongings remained at Defendants' home. (Def. Stat. of Facts ¶7). Defendants had no objection to Plaintiff's decision to spend some nights with her new husband (Def. Stat. of Facts ¶8) and Martha De La Cruz continued to pay Plaintiff $500.00 even after Plaintiff had to take time off to care for her husband who was recovering from a gunshot wound. (Def. Stat. of Facts ¶8). These actions make it clear that no reasonable jury could find that Defendants retaliated against Plaintiff.

Second, as to Plaintiff's request for a change in schedule, Plaintiff testified that she had conversation with Martha De La Cruz to that effect in late February 2020 because she did not want to live-in with Defendants anymore. (Def. Stat. of Facts ¶9). According to Plaintiff, Martha De La Cruz agreed to the change of schedule, but the change was never implemented because Plaintiff's work ended when Miami-Dade County implemented a quarantine as a result of the pandemic in mid-March 2020. (Def. Stat. of Facts ¶10). This conversation is not protected activity, and even if it was, Martha De La Cruz agreed to the change and Plaintiff's admits that at all times her relationship with Defendants was always professional and caring (Def. Stat. of

7

Facts ¶21), and admits that her request had nothing to do with her separation from employment. (Def. Stat. of Facts ¶24).

It is clear from the evidence that Plaintiff did not engage in any protected activity and the only instances that could be considered protected activity do not raise to that level and had nothing to do with Plaintiff's separation from employment.

Under the circumstances, Plaintiff cannot meet her burden of proving that she engaged in protected activity and summary judgment must be entered in Defendants' favor as to the retaliation claims.

### b. Plaintiff Cannot Prove a Causal Connection Between Any Protected Activity and Her Separation From Employment

Even if the Court finds that Plaintiff engaged in protected activity -which Defendants deny-, Plaintiff cannot establish a causal connection between that activity and her separation from employment. Like thousands of people all over the world, the devastating effects of the pandemic resulted in Plaintiff's separation from employment, not because of retaliation.

Plaintiff's last day of work was mid-March 2020. (Def. Stat. of Facts ¶3). Plaintiff acknowledges that her employment was suspended because of the quarantine (Def. Stat. of Facts ¶20). Just like Plaintiff, Defendants were also affected by the pandemic when Martha De La Cruz lost her job and could not afford to continue paying Plaintiff's salary. (Def. Stat. of Facts ¶18). During the pandemic Plaintiff and Martha De La Cruz maintained constant communication and Plaintiff asked Martha De La Cruz to let her park her vehicle in her building because Plaintiff was afraid that

it would be towed at her new residence since she was under threat of being evicted. (Def. Stat. of Facts ¶¶12-13). Allowing Plaintiff to park her car in her building to protect it from being towed is far from retaliatory.

In addition to the restrictions implemented by the county to control the pandemic, Plaintiff had her own problems that prevented her from working as a nanny. Plaintiff and her husband had recently moved to a new apartment, but they were being being evicted because the Board claim that they had moved in without approval. (Def. Stat. of Facts ¶12). Because of the eviction threat, Plaintiff was afraid that if she left her new residence she would not be able to go back in. (Def. Stat. of Facts ¶14), so she stayed home with her husband. After the initial two weeks of quarantine, Plaintiff contacted Martha De La Cruz asking to be paid for that period, even though Plaintiff did not work at all during that time. (Def. Stat. of Facts ¶15). Martha De La Cruz replied that she could not pay Plaintiff because she had lost her job and Plaintiff had not worked. (Def. Stat. of Facts ¶16). Plaintiff's last communication with Martha De La Cruz was that she did not expect not to be paid during the pandemic and she did not know what to do for money. (Def. Stat. of Facts ¶17).

These facts do not prove a causal connection between Plaintiff's protected activity -which there is none- and her separation from employment. In fact, Plaintiff admitted in her deposition that she was not retaliated against by Defendants (Def. Stat. of Facts ¶23) and that she does not know why her employment was terminated. (Def. Stat. of Facts ¶25).

Defendants anticipate that Plaintiff will argue that another employee was permitted to continue working while Plaintiff was not and that this shows retaliation. This argument fails for a number of reasons. First, the other person Plaintiff is referring to is not an employee, but a cleaning company. (Deposition of Martha De La Cruz, p. 59:1-8). Second, even if the cleaning company was an employee, they have very different jobs because Plaintiff has to have direct contact with Defendants and their child in order to perform her duties as a nanny, while the cleaning can be done alone at Defendants' residence, avoiding direct contact with them. (Deposition of Martha De La Cruz, p. 62:16-25)

In addition to these factors that prove that Plaintiff's separation from employment had nothing to do with retaliation, Defendants relocated to Washington D.C. in May or June 2020 (Def. Stat. of Facts ¶18). If Plaintiff's employment had not ended, she would have been unable to move to Washington, D.C. (Def. Stat. of Facts ¶19).

Based on the above, it is undisputed that there is no causal connection between Plaintiff's protected activity (assuming she engaged in such) and her separation from employment. Hence, Defendants are entitled to summary judgment as to the remaining retaliation counts.

3. **PLAINTIFF IS NOT ENTITLED TO BACKPAY**

Assuming that Plaintiff can establish a prima facie case for retaliation -which Defendants dispute-, she cannot recover backpay because she is an undocumented alien not authorized to work in the United States. (Def. Stat. of Facts ¶4). Hence,

10

she is not entitled to pursue backpay for work that she was not lawfully entitled to earn. *See Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137, 169 LRRM 2769 (2002). Defendants do not dispute that Plaintiff is entitled to pursue her claim for alleged minimum wages and overtime under the FLSA, although they dispute that Plaintiff is entitled to any additional pay, but Plaintiff cannot recover any alleged lost wages resulting from her separation from employment because she is not legally allowed to work in the United States.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter Partial Summary Judgment in their favor and against Plaintiff as to Counts VIII and IX of the Complaint.

Respectfully Submitted,

/s/ Juliana Gonzalez
Fla. Bar No. 54660
MG Legal Group, P.A.
3126 Center Street
Coconut Grove, FL 33133
Tel. (305) 448-9557
Fax. (305) 448-9559
juliana@ljmpalaw.com
office@mglegalgroup.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF; and that the foregoing document is served on this 9th day of April, 2021, to all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of the notices of Electronic Filing generated by the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully Submitted,

/s/ Juliana Gonzalez
Fla. Bar No. 54660
MG Legal Group, P.A.
3126 Center Street
Coconut Grove, FL 33133
Tel. (305) 448-9557
Fax. (305) 448-9559
*juliana@ljmpalaw.com*
*office@mglegalgroup.com*

*Counsel for Defendants*

## SERVICE LIST

Nathaly Saavedra, Esq.
nathaly@peregonza.com
office@peregonza.com
Juan Perez, Esq.
juan@peregonza.com
Peregonza Law Group, PLLC
1414 NW 107th Avenue, Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

*Counsel for Plaintiff*
*Service via CM/ECF*